(No. 86-CC-2187—■■■■■■■)

HAROLD L. CROSIER, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Order on motion to dismiss filed May 6, 1987.*
*Order on motion to dismiss filed February 17, 1988.*

HAROLD L. CROSIER, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUZANNE SCHMITZ, Assistant Attorney General, of counsel), for Respondent.

## ORDER ON MOTION TO DISMISS

MONTANA, C.J.

This cause is before the Court on Respondent's motion to dismiss and Respondent's second motion to dismiss. The Respondent contends in its motions that this claim should be dismissed because the Claimant failed to file a personal injury notice within one year as required by section 22—1 of the Court of Claims Act (Ill. Rev. Stat., ch. 37, par. 439.22—1), and a proper claim within two years after the cause of action accrued as required by section 22 of the Act (Ill. Rev. Stat., ch. 37, par. 439.22), because a complete complaint had not been filed which had a timely, previously filed, personal injury notice attached.

There is no indication in the record that the Claimant has ever filed a personal injury notice. However, the Claimant did file a complaint on February 3, 1986. In

said complaint the Claimant asserts he suffered his injuries on February 14, 1985, so his complaint was filed within one year after his cause of action allegedly accrued. This Court has held that filing of a complaint within the time period for filing the notice is sufficient compliance with the notice requirements of section 22—1 of the Act (Ill. Rev. Stat., ch. 37, par. 439.22—1). (*Johnson v. State*, No. 87-CC-0105, opinion filed March 26, 1987.) Since the filing of a complaint within one year that a cause of action accrues satisfies the personal injury notice requirement even though a notice has not been filed, it follows that the filing of the same complaint would satisfy the two-year statute of limitations requirement of section 22 of the Act (Ill. Rev. Stat., ch. 37, par. 439.22), even though the complaint filed did not have a timely, previously filed, personal injury notice attached.

Based on the foregoing, we find that the Claimant has complied with the notice requirement of section 22—1 of the Act (Ill. Rev. Stat., ch. 37, par. 439.22—1) and the limitations requirements of section 22 of the Act (Ill. Rev. Stat., ch. 37, par. 439.22). We therefore hereby order that Respondent's motion to dismiss be, and is, hereby denied.

## ORDER ON MOTION TO DISMISS

MONTANA, C.J.

Pursuant to Claimant's motion, this claim is dismissed with prejudice.